# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JIMMY SHIEL and MARCY SHIEL,    )
   )
     Plaintiffs,    )
   )
vs.    )    Case No. CIV-17-1125-D
   )
PACIFIC SPECIALTY INSURANCE    )
COMPANY,    )
   )
     Defendant.    )

## ORDER

Before this Court is Plaintiffs' Motion to Remand [Doc. No. 9]. Defendant has filed its Response [Doc. No. 16]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiffs filed their Petition in the District Court of Logan County, Oklahoma, on September 1, 2017. Plaintiffs alleged claims for breach of contract and bad faith. Defendant is a foreign insurer. Plaintiffs served the summons and petition on the Oklahoma Insurance Commissioner on September 15, 2017 pursuant to Okla. Stat. tit .36, § 621(B). Defendant filed its Notice of Removal on October 17, 2017. Plaintiff alleges the Notice of Removal was untimely as it was not filed within thirty days of service on the Oklahoma Insurance Commissioner. Plaintiffs do not challenge removal on any other basis. In response, Defendant asserts that the thirty-day period to file Notice of Removal does not begin to run until the summons and petition are received by Defendant rather than the date of service on the Oklahoma Insurance Commissioner.

## STANDARD OF DECISION

28 U.S.C. § 1446(b)(1) states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Removal statutes are strictly construed and all doubts are to be resolved against removal. *Fajen v. Found. Reserve Inc. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941) and *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir.), cert. denied, 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 261 (1957)). The burden of proof for removal jurisdiction is on the party seeking removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), abrogated on other grounds by *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

State law governing service of process is applied when determining the time period within which a notice of removal must be filed. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351, 119 S. Ct. 1322, 1327, 143 L. Ed. 2d 448 (1999). Oklahoma law provides that service of process "against a foreign or alien insurer shall be made only by service of process upon the Insurance Commissioner." Okla. Stat. tit. 36, § 621(B). Service of "legal process against an insurer for whom the Insurance Commissioner is agent" is complete when the Commissioner "promptly forward[s] a copy

thereof by mail with return receipt requested to the person last so designated by the insurer to receive the same." Okla. Stat. 36 § 622(A) and (B).[1]

## DISCUSSION

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S. Ct. 1322, 1326, 143 L. Ed. 2d 448 (1999). The legislative history of 28 U.S.C. § 1446 demonstrates Congress' repeated attempts to account for variances across state laws "[t]o ensure that the defendant would have access to the complaint before commencement of the removal period." *Id*. at 351. Likewise, Okla. Stat. tit. 36, § 622(B) specifically states that service upon an insurer is not complete until the Insurance Commissioner forwards a copy of legal process "by mail with return receipt requested to the person last so designated by the insurer to receive the same" as provided in Okla. Stat. tit. 36, § 622(A).[2]

---

[1] Both parties fail to address or acknowledge Okla. Stat. tit. 36, § 622, which allows for service on an insurer through the Insurance Commissioner as agent.

[2] Defendant limits its argument to the issue of the Insurance Commissioner as a statutory agent and asserts that such status requires calculation of the time period for removal from the date of actual receipt of the summons and petition. *Defendant's Response*, 3-5. The Court acknowledges the treatment of this issue within federal courts sitting in Oklahoma. *See Rocky Branch Marina, L.L.C. v. N. Assur. Co. of Am.*, 09-CV-15-GKF-TLW, 2009 WL 997016, at *1 (N.D. Okla. Apr. 14, 2009) (finding that the Insurance Commissioner is a statutory agent and holding that "[b]ecause plaintiff served defendant's statutory agent, the clock for removal did not begin ticking until defendant received a copy of the state court petition from the agent"); *Denny v. Illinois Nat. Ins. Co.*, 10-CV-0676-CVE-TLW, 2010 WL 5141656, at *5 (N.D. Okla. Dec. 13, 2010) ("The weight of the case law suggests that it is actual receipt by the defendant that controls for purposes of § 1446(b), regardless of when a state deems service complete."). However, it is unnecessary to consider that distinction in this case because removal was timely when

Plaintiff incorrectly asserts that the thirty day period for removal is calculated under Oklahoma law from the date of service on the Insurance Commissioner. *Plaintiffs' Motion to Remand*, 3. This is contrary to the governing Oklahoma statutes and this Court's previous determination that the date upon which service is complete for calculations of deadlines is the date the Insurance Commissioner forwards the summons and petition "with return receipt requested." *See Robison v. Reliance Standard Life Ins. Co.*, CIV-14-1262-D, 2015 WL 4647213, at *3 (W.D. Okla. Aug. 4, 2015) (relying on Okla. Stat. tit. 36, § 622(B) in calculating the deadline for the defendant insurance company's answer from the date the Insurance Commissioner forwarded service by mail).

Plaintiff served the Insurance Commissioner on September 15, 2017, but the Commissioner did not forward the summons and petition by certified mail until September 19, 2017. *Plaintiffs' Motion to Remand*, Exhibit 1 [Doc. No. 9-1], pg. 3; *Defendant's Response*, Exhibit 1 [Doc. No. 16-1], pg. 10. The earliest date from which the time period for removal can be calculated is September 19, 2017, the certified mail postage date.[3] Defendant filed its Notice of Removal on October 17, 2017. *Notice of Removal* [Doc. No. 1]; *Defendant's Response*, pg. 2. Defendant's Notice of Removal was filed twenty-

---

calculated from the date of the Insurance Commissioner's certified mailing pursuant to Okla. Stat. tit. 36, § 622.

[3] Defendant's Notice of Removal states that Defendant was served on September 18, 2017, the date of the Insurance Commissioner's letter accompanying the summons and petition. *Notice of Removal*, 2. Even calculating from that date, the Notice of Removal was timely at twenty-nine (29) days.

eight (28) days from the date service was complete pursuant to Okla. Stat. tit. 36, § 622(A) and (B) and is, therefore, timely under 28 U.S.C. § 1446(b)(1).

## CONCLUSION

Plaintiff's Motion to Remand is **DENIED** for the reasons set forth herein.

**IT IS SO ORDERED** this 12th day of February 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE