# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JIMMY SHIEL,<br>(2) MARCY SHIEL,<br>   *Plaintiffs,*<br><br>vs.<br><br>(1) PACIFIC SPECIALTY<br>INSURANCE COMPANY,<br>   *Defendants.* | Case No. CIV-17-1125-D |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:    April 5, 2018 at 11:00 a.m.

Appearing for Plaintiff:    Simone Fulmer, OBA #17037
Jacob L. Rowe, OBA #21797
Andrea R. Rust, OBA #30422
FULMER SILL, PLLC
1101 N. Broadway, Suite 102
P.O. Box 2448
Oklahoma City, OK  73103
Phone/Fax:  (405) 510-0077
E-mail: sfulmer@fulmersill.com
hlujan@fulmersill.com
jrowe@fulmersill.com
arust@fulmersill.com

And

*(appearance via telephone)*
Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla R. Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com

                                      FITTS LAW FIRM, PLLC
                                      2700 Post Oak Blvd., Suite 1120
                                      Houston, Texas 77056
                                      Telephone 713.871.1670
                                      Facsimile 713.583.1492

Appearing for Defendant:  Michael Woodson
                                      EDMONDS COLE LAW FIRM, P.C.
                                      7 S. Mickey Mantle Drive, Ste. 375
                                      Oklahoma City, OK. 73104-2440
                                      mwoodson@edmondscole.com

## Jury Trial Demanded  X  -  Non-Jury Trial ☐

1. **BRIEF PRELIMINARY STATEMENT**.  State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    **Plaintiff:**    This case involves a claim by Plaintiffs for benefits available under a homeowners policy with an earthquake endorsement ("Policy") issued by Defendant.  On September 3, 2016, Plaintiffs' home was damaged by an earthquake.  Plaintiffs made a claim for benefits under the Policy that Defendant denied approximately one month later. Plaintiff contends Defendant's denial was violative of both the insurance contract and the duty of good faith and fair dealing owed to Oklahoma insureds.  Plaintiffs contend that Defendant intentionally disregarded evidence supporting of payment of their claim. Plaintiffs further contend Defendant conducted an unreasonable, biased, and results-oriented investigation that consisted of the retention of a token engineer who did little more than measure the dimensions of the home, take photographs, and create a "stock" report attributing the damage to factors other than an earthquake.  As a result, Plaintiffs have suffered economic loss in the amount of their insurance policy and non-economic loss for the mental pain and suffering caused by Defendant's conduct.

    **Defendant:**   Pacific Specialty Insurance Company issued to Plaintiffs a Stand-Alone Earthquake Policy for Homeowners. Under the insuring agreement, PSIC only insured for direct physical loss caused by an earthquake.  Moreover, the policy contained a specific exclusion for losses or loss of use of property caused directly or indirectly by any cause other than earthquake.

         Plaintiffs reported the claim following an earthquake that occurred approximately 56 miles from their home. PSIC promptly investigated the claim including, but not limited to retaining an engineer to inspect the property and provide professional opinions regarding the presence of damage to the Plaintiffs' property and the specific cause of the damage.  The written report of William Templeton, P.E., concluded the home did not sustain damage directly caused by an earthquake.

Additional information was submitted by Plaintiffs, which was promptly considered by PSIC and, in fact, provided to William Templeton, P.E., for review and further consideration. However, this information did not change Mr. Templeton's professional opinions. As such, PSIC denied the payment of benefits under the policy, pursuant to its terms and conditions. PSIC denies that it breached the terms of the insurance contract or the implied duty of good faith and fair dealing.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

   28 U.S.C. § 1332 – Diversity of citizenship and amount in controversy.

   This case was removed from the District Court of Logan County on October 17, 2017.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

   A. Jurisdiction and venue are proper in this Court.
   B. Plaintiffs were insured under a stand-alone earthquake policy for homeowners with the Defendant which provided dwelling coverage of $126,398.00 and other structures limit of $12,640.00 on September 3, 2016.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. **Plaintiff:** Plaintiff has asserted claims against Defendant for breach of contract and breach of the duty of good faith and fair dealing.

   b. **Defendant:**
   1. PSIC complied with its contractual obligations, provisions and duties.
   2. PSIC conducted a reasonable investigation of Plaintiffs' claim under the circumstances presented.
   3. PSIC gave fair consideration to all of the evidence presented in its investigation and reasonably relied upon the professional opinions of a licensed engineer rendered based on his education, training, experience, inspection of the property and investigation of the circumstances surrounding the September 3, 2016 earthquake.
   4. At the time the decision was made not to extend policy benefits, PSIC had a good faith belief that it had justifiable reasons for withholding these benefits under the contract terms and conditions. A reasonable and legitimate dispute exists regarding the nature and

    extent of damage to the residence-if any, the cause of loss, and any amount that may be owed under the policy.
5.  The facts and circumstances presented do not warrant submission of a claim for punitive damages against PSIC.
6.  Punitive damages in this case would not only be unwarranted but excessive and would violate provisions of both United States and Oklahoma constitutions.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
    ☐ Yes  X No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

  There are no Motions currently pending. The Plaintiffs anticipate filing pretrial motions. The Parties anticipate filing a Joint Motion for Protective Order.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? ☐ Yes X No
If "no," by what date will they be made? **April 2, 2018**

8. **PLAN FOR DISCOVERY**.

 A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on **March 7, 2018**.

 B. The parties anticipate that discovery should be completed within **9 months**.

 C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? **6 months**.

 D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

  **X** Yes ☐ No

 E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P.

26(f)(3)(D)?

**X** Yes □ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

**The parties anticipate jointly requesting the entry of a Protective Order.**

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

**The Parties request that the date for identification of experts and submission of expert reports be specially set for approximately six (6) weeks prior to the end of the discovery period.**

9. **ESTIMATED TRIAL TIME**: 4 days

10. **BIFURCATION REQUESTED**: □ Yes **X** No

11. **POSSIBILITY OF SETTLEMENT**: □ Good **X** Fair □ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

   A. Compliance with LCvR 16.1(a)(1) - ADR discussion: X Yes □ No

   B. The parties request that this case be referred to the following ADR process:

   □ Court-Ordered Mediation subject to LCvR 16.3
   □ Judicial Settlement Conference
   □ Other _____
   X None - the parties do not request ADR at this time. However, the Parties anticipate scheduling private mediation when the necessary discovery has been completed.

13. <u>Parties consent to trial by Magistrate Judge</u>?   ☐ Yes   **X** No

14. <u>Type of Scheduling Order Requested</u>.   ☐ Standard  -  **X** Specialized   (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

    <u>To the extent the Court's standard scheduling order provides otherwise, the Parties request that the date for identification of experts and submission of expert reports be set approximately six (6) weeks prior to the end of the discovery period.</u>

Submitted this 2nd day of April, 2018.

    Respectfully submitted,

    /s/Jacob L. Rowe
    Simone Fulmer, OBA #17037
    Harrison C. Lujan, OBA #30154
    Jacob L. Rowe, OBA #21797
    Andrea R. Rust, OBA #30422
    FULMER SILL, PLLC
    1101 N. Broadway, Suite 102
    P.O. Box 2448
    Oklahoma City, OK  73103
    Phone/Fax:  (405) 510-0077
    E-mail:     sfulmer@fulmersill.com
            hlujan@fulmersill.com
            jrowe@fulmersill.com
            arust@fulmersill.com

    And

        Bryant Fitts
        Texas State Bar No. 24040904
        bfitts@fittslawfirm.com
        Carla R. Delpit
        Texas State Bar No. 24082183
        cdelpit@fittslawfirm.com
        FITTS LAW FIRM, PLLC
        2700 Post Oak Blvd., Suite 1120
        Houston, Texas 77056
        Telephone 713.871.1670
        Facsimile 713.583.1492

        **ATTORNEYS FOR PLAINTIFFS**


        /s/Michael Woodson
        *Signed with permission of counsel*
        Michael Woodson, OBA No. 16347
        **Matthew Willoughby, OBA No. 33305**
        EDMONDS COLE LAW FIRM, P.C.
        7 S. Mickey Mantle Drive, Ste. 375
        Oklahoma City, OK. 73104-2440
        mwoodson@edmondscole.com
        mwilloughby@edmondscole.com

        **ATTORNEY FOR DEFENDANT**